Paul J. Hayes (*pro hac vice*)
Kevin Gannon (*pro hac vice*)
Steven Lipman (*pro hac vice*)
HAYES MESSINA GILMAN & HAYES, LLC
200 State Street, 6th Floor
Boston, MA 02109
phayes@hayesmessina.com
kgannon@hayesmessina.com
slipman@hayesmessina.com
Telephone: (617) 345-6900
Facsimile: (617) 443-1999

Christopher D. Banys
Richard C Lin
Jennifer L. Gilbert
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
BANYS, P.C.
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Telephone:  (650) 308-8505
Facsimile: (650) 353-2202

Attorneys for Plaintiff
ADAPTIX, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAPTIX, Inc.,<br><br>                    Plaintiff,<br><br>v.<br><br>HTC CORPORATION, HTC AMERICA, INC., and AT&T MOBILITY LLC,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendants, HTC Corporation, HTC America, Inc. (together "HTC"), and AT&T Mobility LLC ("ATT") (collectively "the Defendants"), as follows:

**THE PARTIES**

1.      ADAPTIX is a Delaware corporation with its principal place of business at 4100 Midway Road, Suite 2010, Carrolton, Texas 75007.

2.      On information and belief, HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C. and does business in this judicial district by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint.  HTC Corporation may be served at its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C.

3.      On information and belief, HTC America, Inc. is a Washington corporation with its principal place of business at 13290 SE Eastgate Way, Suite 400, Bellevue, Washington 98005 and does business in Texas at 5950 Corporate Drive, Houston, Texas 77036 and in this judicial district by, among other things, committing jointly, directly, and/or indirectly the tort of patent infringement giving rise to this complaint.  HTC America, Inc.'s registered agent for service of process in California is National Registered Agents, Inc., 818 W. Seventh Street, Los Angeles, California 90017.

4.      On information and belief, ATT is a Delaware corporation with its principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, Georgia 30319 and does business in this judicial district by, among other things, committing jointly, directly, and/or indirectly the tort of patent infringement giving rise to this complaint. ATT's registered agent for service of process in California is CT Corporation System, 818 W. Seventh Street 2nd Floor, Los Angeles, California 90017.

**JURISDICTION AND VENUE**

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b) a because Defendants have committed acts within this judicial district giving rise to this action, and continue to conduct business in this District, and/or have committed acts of patent infringement within this District giving rise to this action.

7.      On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process due at least to its substantial business in this forum, including:  (A) at least part of its infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in other persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in California and this judicial district.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

8.      ADAPTIX incorporates paragraphs 1 through 10 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271 *et seq*.

10.      ADAPTIX is the owner by assignment of United States patent number 7,454,212, entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '212 Patent") with ownership of all substantial rights in the '212 Patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '212 Patent is attached as Exhibit A.

11.      The '212 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12.      ADAPTIX has been damaged as a result of the Defendants' infringing conduct described in this Count.  The Defendants are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

13.      On information and belief, HTC has and continues to directly infringe one or more claims of the '212 Patent in this judicial district and/or elsewhere in California and the United States including at least Claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices, including without limitation the HTC One M8 and the HTC One max, which, at a minimum, directly infringe the '212 Patent.  HTC's infringement has

caused damage to ADAPTIX, which infringement by the Defendants and damage to ADAPTIX will continue unless and until HTC is enjoined. HTC is thereby liable for infringement of the '212 Patent pursuant to 35 U.S.C. § 271(a).

14. On information and belief, ATT has and continues to directly infringe at least one or more claims of the '212 Patent in this judicial district and elsewhere in California and the United States including at least Claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices, including without limitation the HTC One M8 which, at a minimum, directly infringes the '212 Patent. ATT's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until ATT is enjoined. ATT is thereby liable for infringement of the '212 Patent pursuant to 35 U.S.C. § 271(a).

15. Based upon information set forth in the preceding two paragraphs, on information and belief, both HTC and ATT have and continue to directly and jointly infringe one or more claims of the '212 Patent in this judicial district and/or elsewhere in California. And the United States, including at least Claim 1 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices including without limitation the HTC One M8 which, at a minimum, directly infringes the '212 Patent. HTC's and ATT joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until HTC and ATT are enjoined. Thereby, HTC and ATT are jointly liable for infringement of the '212 Patent pursuant to 35 U.S.C. § 271(a).

**(Indirect Infringement – Inducement)**

16. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HTC has and continues to indirectly infringe one or more claims of the '212 Patent, including at least Claim 16 by, among other things, making, selling, testing, and/or importing the HTC One M8 and/or advertising the LTE capability of the HTC One M8. ATT and/or HTC's end users who purchase systems and components thereof and operate such systems and components in accordance with HTC's instructions directly infringe one or more claims of the '212 Patent in violation of 35 U.S.C § 271(b). HTC's infringement has caused

damage to ADAPTIX, which infringement and damage will continue unless and until HTC is enjoined. HTC is thereby liable for infringement of the '212 Patent pursuant to 35 U.S.C. § 271(b).

17. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ATT has and continues to indirectly infringe one or more claims of the '212 Patent, including at least Claim 16 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the HTC One M8. ATT customers who purchase systems and components thereof and operate such systems and components in accordance with ATT's instructions directly infringe one or more claims of the '212 Patent in violation of 35 U.S.C § 271(b). ATT's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until ATT is enjoined. ATT is thereby liable for infringement of the '212 Patent pursuant to 35 U.S.C. § 271(b).

18. On information and belief, Defendants have been on notice of the '212 Patent since at least service of this action. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

19. On information and belief, since Defendants have been on notice of the '212 Patent since at least service of this action, Defendants have been knowingly inducing infringement of the '212 Patent, including at least Claim 16 of the '212 Patent, and possessing specific intent to encourage others' infringement.

20. On information and belief, since Defendants have been on notice of the '212 Patent since at least service of this action, Defendants knew or should have known that their actions would induce actual infringement of the '212 Patent, including at least Claim 16 of the '212 Patent.

21. Defendants have not produced any evidence as to any investigation, design around, or that any remedial action was taken with respect to the '212 Patent. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement – Contributory)**

22.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HTC has and continues to indirectly infringe one or more claims of the '212 Patent, including at least Claim 16 by, among other things, contributing to the direct infringement of others, including entities such as ATT and end users of HTC's computerized communications devices, including without limitation the HTC One M8, through supplying infringing systems and components, that infringe one or more claims of the '212 Patent, including at least claim 16, in violation of 35 U.S.C. § 271(c).

23.     Based on information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ATT has and continues to indirectly infringe one or more claims of the '212 Patent, including at least claim 16 by, among other things, contributing to the direct infringement of others, including entities such as customers of ATT's computerized communications device, including without limitation the HTC One M8, through supplying infringing systems and components, that infringe one or more claims of the '212 Patent, including at least Claim 16, in violation of 35 U.S.C. § 271(c).

24.     Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '212 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.  An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

25.     On information and belief, Defendants have been on notice of the '212 Patent since at least service of this action, or before, but have continued since that time to cause others to directly infringe the '212 Patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX

will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

26.     Since Defendants have been on notice of the '212 Patent since at least service of this action, Defendants knew or should have known that Defendants computerized communications devices and the technology associated therewith constituted material components of the invention claimed in the '212 Patent, are especially made or especially adapted for use in infringement of the '212 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

27.     By virtue of at least this Complaint, Defendants have been provided with written notice of ADAPTIX's allegations that Defendants have and continue to contributorily infringe the '212 Patent and written identification of exemplar products that infringe one or more claims of the '212 Patent (e.g. systems used by end users of Defendants' computerized communication devices) and written notice of an exemplar material part of these devices (e.g. Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '212 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

28.     ADAPTIX incorporates paragraphs 1 through 27 herein by reference.

29.     This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271 *et seq.*

30.     ADAPTIX is the owner by assignment of United States patent number 6,947,748, entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '748 Patent") with ownership of all substantial rights in the '748 Patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '748 Patent is attached as Exhibit B.

31.     The '748 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32.     ADAPTIX has been damaged as a result of the Defendants' infringing conduct described in this Count.  The Defendants are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

33.     On information and belief, HTC has and continues to directly infringe one or more claims of the '748 Patent in this judicial district and/or elsewhere in California and the United States including at least Claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices, including without limitation the HTC One M8 and the HTC One max, which, at a minimum, directly infringe the '748 Patent.  HTC's infringement has caused damage to ADAPTIX, which infringement by the Defendants and damage to ADAPTIX will continue unless and until HTC is enjoined.  HTC is thereby liable for infringement of the '748 Patent pursuant to 35 U.S.C. § 271(a).

34.     On information and belief, ATT has and continues to directly infringe at least one or more claims of the '748 Patent in this judicial district and elsewhere in California and the United States including at least Claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices, including without limitation the HTC One M8 which, at a minimum, directly infringes the '748 Patent.  ATT's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until ATT is enjoined.  ATT is thereby liable for infringement of the '748 Patent pursuant to 35 U.S.C. § 271(a).

35.     Based upon information set forth in the preceding two paragraphs, on information and belief, both HTC and ATT have and continue to directly and jointly infringe one or more claims of the '748 Patent in this judicial district and/or elsewhere in California. And the United States, including at least Claims 6 and 8 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices including without limitation the HTC One M8 which, at a

minimum, directly infringes the '748 Patent.  HTC's and ATT's joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until HTC and ATT are enjoined.  Thereby, HTC and ATT are jointly liable for infringement of the '748 Patent pursuant to 35 U.S.C. § 271(a).

**(Indirect Infringement – Inducement)**

36.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HTC has and continues to indirectly infringe one or more claims of the '748 Patent, including at least Claims 6 and 8 by, among other things, making, selling, testing, and/or importing the HTC One M8 and/or advertising the LTE capability of the HTC One M8.  ATT and/or HTC's end users who purchase systems and components thereof and operate such systems and components in accordance with HTC's instructions directly infringe one or more claims of the '748 Patent in violation of 35 U.S.C § 271(b).  HTC's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until HTC is enjoined.  HTC is thereby liable for infringement of the '748 Patent pursuant to 35 U.S.C. § 271(b).

37.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ATT has and continues to indirectly infringe one or more claims of the '748 Patent, including at least Claims 6 and 8 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the HTC One M8.  ATT customers who purchase systems and components thereof and operate such systems and components in accordance with ATT's instructions directly infringe one or more claims of the '748 Patent in violation of 35 U.S.C § 271(b).  ATT's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until ATT is enjoined.  ATT is thereby liable for infringement of the '748 Patent pursuant to 35 U.S.C. § 271(b).

38.     On information and belief, Defendants have been on notice of the '748 Patent since at least service of this action.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

39.     On information and belief, since Defendants have been on notice of the '748 Patent since at least service of this action, Defendants have been knowingly inducing infringement of the '748 Patent, including at least Claims 6 and 8 of the '748 Patent, and possessing specific intent to encourage others' infringement.

40.     On information and belief, since Defendants have been on notice of the '748 Patent since at least service of this action, Defendants knew or should have known that their actions would induce actual infringement of the '748 Patent, including at least Claims 6 and 8 of the '748 Patent.

41.     Defendants have not produced any evidence as to any investigation, design around, or that any remedial action was taken with respect to the '748 Patent. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement – Contributory)**

42.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that HTC has and continues to indirectly infringe one or more claims of the '748 Patent, including at least Claims 6 and 8 by, among other things, contributing to the direct infringement of others, including entities such as ATT and end users of HTC's computerized communications devices, including without limitation the HTC One M8, through supplying infringing systems and components, that infringe one or more claims of the '748 Patent, including at least Claims 6 and 8, in violation of 35 U.S.C. § 271(c).

43.     Based on information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that ATT has and continues to indirectly infringe one or more claims of the '748 Patent, including at least Claims 6 and 8 by, among other things, contributing to the direct infringement of others, including entities such as customers of ATT's computerized communications device, including without limitation the HTC One M8, through supplying infringing systems and components, that infringe one or more claims of the '748 Patent, including at least Claims 6 and 8, in violation of 35 U.S.C. § 271(c).

44.     Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '748 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.  An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

45.     On information and belief, Defendants have been on notice of the '748 Patent since at least service of this action, or before, but have continued since that time to cause others to directly infringe the '748 Patent as alleged herein.  In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

46.     Since Defendants have been on notice of the '748 Patent since at least service of this action, Defendants knew or should have known that Defendants computerized communications devices and the technology associated therewith constituted material components of the invention claimed in the '748 Patent, are especially made or especially adapted for use in infringement of the '748 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

47.     By virtue of at least this Complaint, Defendants have been provided with written notice of ADAPTIX's allegations that Defendants have and continue to contributorily infringe the '748 Patent and written identification of exemplar products that infringe one or more claims of the '748 Patent (e.g. systems used by end users of Defendants' computerized communication devices) and written notice of an exemplar material part of these devices (e.g. Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '748 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**PRAYER FOR RELIEF**

Wherefore, ADAPTIX respectfully requests that this Court enter:

A.      Judgment in favor of ADAPTIX that each defendant has infringed the '212 and '748 patents, directly and indirectly, as aforesaid;

B.      A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from direct and/or indirect infringement of the '212 and '748 patents pursuant to 35 U.S.C. § 283;

C.      An order requiring each defendant to pay ADAPTIX its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D.      A determination that this case is exceptional pursuant to 35 U.S.C. § 285; and

D.      Any and all further relief to which the Court may deem ADAPTIX entitled.

**DEMAND FOR JURY TRIAL**

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Date:  May 21, 2014                    ADAPTIX, INC.

                                       By: _Christopher D. Banys___ _____
                                       Christopher D. Banys
                                       Richard C Lin
                                       Jennifer L. Gilbert
                                       cdb@banyspc.com
                                       rcl@banyspc.com
                                       jlg@banyspc.com
                                       **BANYS, P.C.**
                                       1032 Elwell Court, Suite 100
                                       Palo Alto, CA 04303
                                       Telephone:  (650) 308-8505
                                       Facsimile: (650) 353-2202

                                       Paul J. Hayes
                                       Kevin Gannon
                                       Steven E. Lipman
                                       **HAYES MESSINA GILMAN & HAYES LLC**
                                       200 State Street, 6th Floor
                                       Boston, Massachusetts 02109

Tel: (617) 345-6900
Fax: (617) 443-1999
Email: phayes@hayesmessina.com
Email: kgannon@hayesmessina.com
Email: slipman@hayesmessina.com

**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**