*[Counsel Listed on Signature Block]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC., <br>     Plaintiff, <br> v. <br> HTC CORPORATION, HTC AMERICA, INC., and AT&T MOBILITY LLC, <br>     Defendants. | Case No.: 5:14-cv-02359-PSG <br><br> JURY TRIAL DEMANDED |
| ADAPTIX, INC., <br>     Plaintiff, <br> v. <br> HTC CORPORATION, HTC AMERICA, INC., and CELLCO PARTNERSHIP *d/b/a* VERIZON WIRELESS, <br>     Defendants. | Case No.: 5:14-cv-02360-PSG <br><br> JURY TRIAL DEMANDED |
| ADAPTIX, INC., <br>     Plaintiff, <br> v. <br> KYOCERA COMMUNICATIONS, INC., and SPRINT SPECTRUM LP, <br>     Defendants. | Case No.: 5:14-02894-PSG <br><br> JURY TRIAL DEMANDED |
| ADAPTIX, INC., <br>     Plaintiff, <br> v. <br> KYOCERA COMMUNICATIONS, INC., and CELLCO PARTNERSHIP *d/b/a/* VERIZON WIRELESS, <br>     Defendants. | Case No.: 5:14-02895-PSG <br><br> JURY TRIAL DEMANDED |

Case Nos. 5:14-cv-02359, -02360, -02894, -02895
[~~PROPOSED~~] ESI ORDER

**[PROPOSED] ORDER REGARDING E-DISCOVERY IN PATENT CASES**

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding any such modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

   A. **General Document Image Format**. Each electronic document shall be produced in Portable Document Format ("PDF") or single-page Tagged Image File Format ("TIFF") format. Each hard copy document shall be scanned and produced in PDF or single-page TIFF format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. PDF files shall be named with a unique production number followed by the appropriate file extension. Concordance load files with opticon shall be provided to indicate the location and unitization of the PDF or TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   B. **Text-Searchable Documents**. No party has an obligation to make its production

text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party. A party may produce extracted-text text files to correspond with Concordance load files and the produced PDF or TIFF files in lieu of producing text-searchable documents.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. A Party may produce a document only in its native format, to the extent such production of the native format document will not hamper the other Party's review and is in compliance with the other requirements in this Order.

E. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F. **Voicemail, Instant Messages, and Mobile Devices**. Absent a showing of good cause, voicemails, instant messages, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

G. **Limited Number of ESI Custodians.** Each Party shall identify ESI custodians most likely to have discoverable information in their possession, custody, or control in view of the pleaded claims and defenses, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary

information relevant to damages. Each party[1] shall specifically identify five (5) ESI custodians. These lists are subject to revision or supplementation. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. The specific identification of ESI custodians shall include the name and title of the custodian, the custodian's role in the instant dispute, the subject matter of the information likely to be in the custodian's possession, and a short description of why the custodian is believed to be significant. An "ESI custodian," as used herein, does not include common repositories where ESI is stored, such as, without limitation, technical document repositories, license agreement repositories, source code repositories, network drives that are shared by numerous individuals, financial databases, etc. This Stipulation has no effect on the Parties' document production obligations, if any, regarding such common repositories. For the avoidance of doubt, and without limiting the generality of the foregoing, a Party need not choose as an "ESI custodian" a repository where relevant and discoverable materials are stored in order for those materials to be discoverable.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification

---

[1] For purposes of this Order, any defendants in the above-captioned actions who are related corporate entities (e.g., parent and subsidiary) count as one party.

of the most significant listed e-mail custodians in view of the pleaded claims and defenses,[2] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of five custodians per producing party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting party shall limit its e-mail production requests to a total of seven search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

---

[2] A "specific identification" requires a short description of why the custodian is believed to be significant.

1  10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

2  11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

3  12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules, or this Court's Discovery Order.

**IT IS SO ORDERED.**

Dated: November 7, 2014

_[signature]_
PAUL S. GREWAL
United States Magistrate Judge

| | |
|---|---|
| Dated:  November 7, 2014 | Respectfully submitted,<br><br>*/s/  Paul J. Hayes*<br>Paul J. Hayes (*pro hac vice*)<br>Kevin Gannon (*pro hac vice*)<br>Steven E. Lipman (*pro hac vice*)<br>James J. Foster (*pro hac vice*)<br>**HAYES MESSINA GILMAN & HAYES LLC**<br>200 State Street, 6th Floor<br>Boston, MA 02109<br>Telephone: (617) 345-6900<br>Facsimile: (617) 443-1999<br>Email: phayes@hayesmessina.com<br>Email: kgannon@hayesmessina.com<br>Email: slipman@hayesmessina.com<br>Email: jfoster@hayesmessina.com<br><br>Christopher D. Banys<br>Richard C Lin<br>Jennifer L. Gilbert<br>**BANYS, P.C.**<br>1032 Elwell Court, Suite 100<br>Palo Alto, CA 04303<br>Telephone: (650) 308-8505<br>Facsimile: (650) 353-2202<br>Email: cdb@banyspc.com<br>Email: rcl@banyspc.com<br>Email: jlg@banyspc.com<br><br>Attorneys for Plaintiff<br>**ADAPTIX, INC.** |

| | |
|---|---|
| Dated: November 7, 2014 | /s/ David Eiseman |
| | David Eiseman (Bar No. 114758) |
| | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone:   (415) 875-6600 |
| | Facsimile:   (415) 875-6700 |
| | Email: davideiseman@quinnemanuel.com |
| | |
| | Ryan S. Goldstein (Bar No. 208444) |
| | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| | NBF Hibiya Building, 25F |
| | 1-1-7, Uchisaiwai-cho, Chiyoda-ku |
| | Tokyo 100-0011, Japan |
| | Telephone:   +81 3 5510 1711 |
| | Facsimile:   +81 3 5510 1712 |
| | Email: ryangoldstein@quinnemanuel.com |
| | |
| | Attorneys for Defendant **KYOCERA COMMUNICATIONS, INC.** |
| | |
| Dated: November 7, 2014 | /s/ Mark W. McGrory |
| | Mark W. McGrory (*pro hac vice*) |
| | Lawrence A. Rouse (*pro hac vice*) |
| | **ROUSE HENDRICKS GERMAN MAY PC** |
| | 1201 Walnut, 20th Floor |
| | Kansas City, MO 64106 |
| | Telephone:   (650) 858-6000 |
| | Facsimile:   (650) 858-6100 |
| | MarkM@rhgm.com |
| | LarryR@rhgm.com |
| | |
| | Nathaniel Bruno |
| | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |
| | Four Embarcadero Center, 17th Floor |
| | San Francisco, CA 94111 |
| | Telephone:   (415) 434-9100 |
| | Facsimile:   (415) 434-3947 |
| | nbruno@sheppardmullin.com |
| | |
| | Attorneys for Defendant **SPRINT SPECTRUM L.P.** |

| | |
|---|---|
| Dated: November 7, 2014 | /s/ Geoffrey M. Godfrey |
| | Mark D. Flanagan (SBN 130303) |
| | mark.flanagan@wilmerhale.com |
| | Robert M. Galvin (SBN 171508) |
| | robert.galvin@wilmerhale.com |
| | Geoffrey M. Godfrey (SBN 228735) |
| | geoff.godfrey@wilmerhale.com |
| | Cortney C. Hoecherl (SBN 245005) |
| | cortney.hoecherl@wilmerhale.com |
| | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
| | 950 Page Mill Road |
| | Palo Alto, CA 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |
| | |
| | Attorneys for Defendant |
| | **CELLCO PARTNERSHIP** *d/b/a* **VERIZON WIRELESS** |

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Civil Local Rule 5-1(i)(3), Iman Lordgooei attests that concurrence in the filing of this document has been obtained from each of the Signatories listed above.

/s/ Iman Lordgooei
Iman Lordgooei