United States District Court
For the Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:14-cv-02359-PSG |
| Plaintiff, | ) ) ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| v. | ) ) | |
| HTC CORPORATION, et al., | ) ) | **(Re: Docket No. 79)** |
| Defendants. | ) ) | |
| ADAPTIX, INC., | ) ) | Case No. 5:14-cv-02360-PSG |
| Plaintiff, | ) ) ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| v. | ) ) | |
| HTC CORPORATION, et al., | ) ) | **(Re: Docket No. 95)** |
| Defendants. | ) ) | |
| ADAPTIX, INC., | ) ) | Case No. 5:14-cv-02894-PSG |
| Plaintiff, | ) ) ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| v. | ) ) | |
| KYOCERA CORPORATION, et al., | ) ) | **(Re: Docket No. 124)** |
| Defendants. | ) ) | |
| ADAPTIX, INC., | ) ) | Case No. 5:14-cv-02895-PSG |
| PLAINTIFF, | ) ) ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| V. | ) ) | |
| KYOCERA CORPORATION, et al., | ) ) | **(Re: Docket No. 126)** |
| Defendants. | ) ) | |

1
Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES
REVIEW

| | | |
|---|---|---|
| 1 | ADAPTIX, INC., ) | Case No. 5:15-cv-00165-PSG |
| 2 | ) Plaintiff, ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| 3 | ) v. ) | |
| 4 | ZTE CORPORATION, et al., ) | **(Re: Docket No. 162)** |
| 5 | ) Defendants. ) | |
| 6 | ADAPTIX, INC., ) | Case No. 5:15-cv-00166-PSG |
| 7 | ) Plaintiff, ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| 8 | ) v. ) | |
| 9 | ZTE CORPORATION, et al., ) | **(Re: Docket No. 165)** |
| 10 | ) Defendants. ) | |
| 11 | ADAPTIX, INC., ) | Case No. 5:15-cv-00167-PSG |
| 12 | ) Plaintiff, ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| 13 | ) v. ) | |
| 14 | ZTE CORPORATION, et al., ) | **(Re: Docket No. 171)** |
| 15 | ) Defendants. ) | |
| 16 | ADAPTIX, INC., ) | Case No. 5:15-cv-00168-PSG |
| 17 | ) Plaintiff, ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW** |
| 18 | ) v. ) | |
| 19 | ZTE CORPORATION, et al., ) | **(Re: Docket No. 134)** |
| 20 | ) Defendants. ) | |

Part of the quid pro quo of any stay pending *inter partes* review before the Patent Office is the promise of simplification. Not a guarantee, to be sure, but at least a promise that in exchange for freezing a case on the court's docket, significant issues may go away for good. Where the IPR will address some, but not all, claims asserted in the district court, relative to the quo the value of the quid shrinks considerably.

Defendants HTC America, Inc., HTC Corporation, AT&T Mobility LLC, Cellco Partnership, Sprint Spectrum L.P., Kyocera Corporation, Boost Mobile, T-Mobile USA, Inc. and ZTE (USA), Inc. seek a stay pending resolution of an *inter partes* review now before the Patent Trial and Appeal Board.[1] Plaintiff Adaptix Inc. opposes. Because the court is not convinced that a stay would enhance efficiency in a case where only certain claims are in review proceedings, the motion is DENIED.

**I.**

A stay is an "intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant."[2] "There is no per se rule that patent cases should be stayed pending reexamination, because such a rule 'would invite parties to unilaterally derail' litigation."[3] "A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze."[4]

Adaptix filed these relates suits for infringement of United States Patent Nos. 7,454,212 and 6,947,748. On November 26, 2014, Kyocera filed petitions for IPR as to both patents.[5] Defendants moved for a stay in mid-March, and the parties appeared for oral argument in late

---

[1] Defendants Verizon Wireless and Dell Inc. filed notices of joinder to Defendants' motion. *See* Case No. 5:14-cv-01259: Docket Nos. 170, 175. Dell Inc. has since been dismissed from this case. *See* Case No. 5:14-cv-01259: Docket No. 182. The motion is DENIED as to Defendant Verizon Wireless, as well.

[2] *Nken v. Holder*, 556 U.S. 418, 427 (2009).

[3] *ESCO Corp. v. Berkeley Force & Tool, Inc.*, Case No. 09-cv-01635, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009).

[4] *Id.*; *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."). While these cases address the more ancient reexamination proceeding, the principle applies with equal force to review proceedings like the one at issue here.

[5] Adaptix currently accuses Defendants in the Kyocera cases of infringing claims 1, 8, 11, 12, 15, 18, 23, 25-27 and 29 of the '212 patent and claims 8, 9, 21 and 22 of the '748 patent.

April.[6] On June 10, 2015, the PTAB instituted IPR on claims 8, 9, 21 and 22 of the '748[7] but denied institution of IPR on claims 1, 8-13, 15, 18, 19 and 23-29 of the '212 patent.[8]

**II.**

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

**III.**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of PTO reexamination."[9] "In determining whether to grant a stay pending PTO review, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[10] Applying these standards to the situation at hand, the court is not persuaded that a stay makes sense.

---

[6] *See* Case No. 5:14-cv-01259: Docket Nos. 79, 97.

[7] *See Kyocera Corp., v. Adaptix, Inc.*, IPR2015-00319, Paper 10 at 2 (PTAB June 10, 2015).

[8] *See Kyocera Corp., v. Adaptix, Inc.*, IPR2015-00318, Paper 10 at 2 (PTAB June 10, 2015). The court acknowledges that IPR proceedings on these patents have been instituted in other cases. For example, Sony Mobile Communications (USA) Inc. is a party to two of the cases related to this set of actions. *See* Case Nos. 5:14-cv-1385-PSG and 5:15-cv-00972. Notably, the PTAB instituted IPR as to all claims at issue in the litigation, *see Sony Mobile Comms. (USA) Inc., v. Adaptix, Inc.*, IPR2014-01524, Paper 16 at 2 (PTAB Apr. 7, 2015); *see Sony Mobile Comms. (USA) Inc., v. Adaptix, Inc.*, IPR2014-01525, Paper 15 at 2 (PTAB Apr. 8, 2015), but Sony does not seek a stay nor does it join this motion. In addition, none of the defendants here are estopped under 35 U.S.C. § 315 from asserting the same prior art should the claims survive.

[9] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[10] *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, Case No. 12-cv-05501, 2014 WL 121640, at *1 (N.D. Cal. Jan. 13, 2014) (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, Case No. 12-cv-04962, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013)).

*First*, discovery in this set of cases is advanced. Courts in this district have routinely refused to grant a stay pending IPR where a case is past the early stages of proceedings.[11] While the range of what qualifies as "early stage" is relative, there is a general consensus that where "the parties have fully briefed the issue of claim construction, attended a Markman hearing, and received a claim construction order," discovery is well underway such to counsel against granting a stay.[12] And there is no colorable claim that these cases are any different.[13] Here, a trial date is set for August 2016, the court has construed claims not once, not twice, but three times, the parties have exchanged voluminous document productions—in the Wave 1 cases at the very least—and fact discovery is set to close in just over a month.[14] With the trial date just under a year away, these cases have already reached an advanced stage, and this court has put significant work into getting these cases this far. This all weighs against granting a stay.

*Second*, it seems unlikely that the PTAB's review will simplify the issues in these cases enough to justify granting a stay. Sure, "waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."[15] But

---

[11] *See, e.g.*, *Telemac Corp.*, 450 F. Supp. 2d at 1111; *Verinata Health, Inc.*, 2014 WL 121640, at *2.

[12] *Interwoven, Inc. v. Vertical Computer Sys.*, Case No. 10-cv-04645, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012); *Verinata Health, Inc.*, 2014 WL 121640, at *2 (holding where a trial date is set, claim construction order issued and parties exchanged initial disclosures, infringement and invalidity contentions and some document productions, a case is not in an early stage of proceedings).

[13] As of the time the PTAB instituted IPR in June 2015, discovery was substantially complete. *Cf. VirtualAgility Inc. v. Salesforce.com, Inc.* 759 F.3d 1307, 1317 n.6 (Fed. Cir. 2014) ("While district courts should generally consider 'whether discovery is complete and whether a trial date has been set' as of the date of the stay motion, there was no error in also taking into account the stage of litigation as of the date that [] review was granted.").

[14] *See* Case No. 5:14-cv-02359: Docket No. 43. The parties have agreed that discovery from certain related cases may be shared across the cases for the sake of efficiency. As a result, because the Wave 1 cases proceeded to summary judgment, a significant amount of discovery has already taken place, greatly minimizing any efficiency that a stay might provide. *See id.*

[15] *Verinata Health, Inc.*, 2014 WL 121640, at *2 (quoting *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, Case No. 94-cv-20775, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is

5
Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW

here, the PTAB only instituted IPR in Kyocera's petition as to the '748 patent, which only encompasses four claims. By contrast, the PTAB denied Kyocera's petition as to all 17 claims challenged in the '212 patent. With fewer than 25 percent of the claims at issue subject to *inter partes* review,[16] the overall effect of any PTAB decision—whether it cancels all or some claims, amends all or some claims, or allows all or some claims to survive—will be minimal relative to the number of claims not under review.[17] This also weighs against granting a stay.[18]

*Third*, other than delayed gratification, Adaptix cannot show that "a stay would [cause undue] prejudice or present a clear tactical disadvantage."[19] "Mere delay in the litigation does not establish undue prejudice."[20] Rather, courts decline to find undue prejudice where the parties are not direct competitors and where any resulting prejudice can be addressed through a final damages award.[21] Here, while it is undisputed that the parties are not in direct competition, Adaptix argues

---

cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.")).

[16] In *VirtualAgility Inc. v. Salesforce.com, Inc.*, the Federal Circuit, in reversing the district court's denial of a stay, emphasized the "significan[ce] that the PTAB granted [] review on *all* asserted claims of the *sole* asserted patent." 759 F.3d at 1314 (emphasis in original). By contrast, here, the PTAB only granted IPR as to a sliver of the claims at issue, leaving an entire patent untouched.

[17] *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1032 (C.D. Cal. 2013) (holding that simplification or clarification by PTAB review particularly likely "when a party has obtained PTO review of each of the asserted claims in the patents-in-suit); *see also Yodlee, Inc. v. Ablaise Ltd.*, Case Nos. 06-cv-07222, 06-cv-02451, 07-cv-01995, 2009 WL 112857, at *5 (N.D. Cal. Jan. 16, 2009) ("To truly simplify the issues . . . the outcome of the reexamination must 'finally resolve all issues in the litigation.'").

[18] Even if all claims were to survive, Defendants cannot argue simplification based on estoppel; because Kyocera is the only defendant that sought *inter partes* review, the estoppel provisions do not extend to any other defendants joining in this motion for stay. *See* 35 U.S.C. § 315(e)(2) ("The petitioner in an inter partes review of a claim in a patent . . . may not assert . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter parties review.").

[19] *Verinata Health, Inc.*, 2014 WL 121640, at *3.

[20] *See Research in Motion, Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008).

[21] *See, e.g.*, *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, Case No. 14-cv-01012, 2015 WL 545534, at *4 (N.D. Cal. Feb. 9, 2015) ("Considering the expedited IPR resolution and the fact that the parties are not competitors, 'any harm from the temporary halt in enforcing Plaintiff's rights in the asserted patents can be addressed through a final damages award.'") (internal citations omitted)); *Pi-Net Int'l, Inc.*, 2013 WL 4475940, at *4 ("Finally, because Pi-Net is not in

6
Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF INTER PARTES REVIEW

that a stay would hamper its ability to enforce and license its patents.[22] While at least one court has given a nod to this kind of harm,[23] the court is not persuaded that Adaptix would suffer any cognizable prejudice from a stay of these proceedings. That being said, in light of the court's findings as to the first and second prongs, on balance, the court finds that a stay is inappropriate.

**SO ORDERED.**

Dated: August 5, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

competition with the defendants, but rather concentrates its efforts on licensing and litigating its patents—as is its right—money damages are likely to be an adequate remedy.").

[22] *See* Case No. 5:14-cv-02359: Docket No. 86 at 15.

[23] *See, e.g., Affinity Labs of Texas v. Apple Inc.*, Case No. 09-cv-04436, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010).